IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY J. STUBBS,

          Plaintiff,

     v.                       Case No. 03-2093-CM-DJW

McDONALD'S CORPORATION,

          Defendant.

## PROTECTIVE ORDER

Upon Motion (doc. 70),  Plaintiff, Jerry Stubbs, and Defendant, McDonald's Corporation, hereby jointly stipulate and request that the Court enter a protective order pursuant to Fed.R.Civ.P. 26(c), to ensure and maintain the confidentiality of certain personnel and training records and materials.  Accordingly, the parties request that the following protective order be entered:

### Proposed Protective Order

1.      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties may designate the following documents and/or materials as "confidential": a) McDonald's personnel-related information, including performance evaluations, disability or medical files, social security numbers, salary and bonus information, personnel files and other employment-related materials concerning McDonald's present and former employees, including Plaintiff; and b) McDonald's proprietary, confidential, commercially valuable and/or competitively sensitive information, which consists of management and employee training materials, management and employee policies, handbooks and/or manuals, including the Formula for Success Notebook, McDonald's Playbook, Shift Management Program, and Systems Management materials.  If any party determines that any of its answers to written discovery requests, production, and/or deposition testimony, or those of a third party, contain "confidential" information, all such items shall be marked "confidential" and shall not be disclosed to any third parties except as provided in this Order and Agreement.

2.      It is expressly understood that this Order and Agreement shall not apply to any formerly "confidential" information that McDonald's has made known or makes known to or available for use to the public and/or the industry in which McDonald's is engaged.

3.      Plaintiff and McDonald's have the right to designate as "confidential" materials produced, disclosed, or possessed by each other.  If a party does not agree with the designation, it shall nevertheless treat the documents or information as "confidential" until such time as this Court determines that such materials are not entitled to be treated as "confidential."  In the event that any party disagrees with the designation of any item as 'Confidential' and subject to this Protective Order, that party shall send a written notice to opposing counsel specifying the items in question.  In the event that the parties cannot reach an agreement concerning the confidentiality of the items, the party proposing confidentiality and designating the items as confidential shall, within 30 days after the receipt of the objection to the designation, file a motion with the Court requesting a determination as to whether the item is properly subject to this Protective Order.

4.      All documents, information, and materials designated as "confidential" shall be maintained as "confidential" and shall not be used except in connection with the litigation of this matter.  The parties shall not disclose any "confidential" documents, information, and materials except pursuant to a written agreement by counsel, or absent such agreement, pursuant to an Order of this Court upon Motion duly made.

5.      In the event that any "confidential" materials will be included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other document filed with the Clerk of this Court or this Court, the party intending to file such material shall file a motion with the Court requesting to file such information under seal.  Any such motion shall identify the particular information and/or documents sought to be filed under seal and shall set forth specific facts that would justify sealing the information.

6.      This Order and Agreement does not affect the right of McDonald's to use "confidential" documents or information in the ordinary course of its business, so long as they are specifically treated as "confidential."

7.      The parties may disclose "confidential" documents, information, and materials to experts, consultants, deposition witnesses, and/or other witnesses who have a need to review the material solely in connection with their potential and actual testimony in this case and who agree to be bound by this Order.

Before providing any third parties with access to information, documents, or materials designated as "confidential," such third party must first agree not to disclose that information except in deposition, expert report or court testimony.

8.      Any person, other than the parties and their counsel, who is to obtain access to "confidential" materials pursuant to this Order shall, consistent with the above provisions and prior to the receipt of such "confidential" materials, sign a copy of Exhibit A, "Statement of Confidentiality," which is attached hereto, agreeing to abide by the terms of this Order and Agreement.  Any signed Statement of Confidentiality shall be forwarded to opposing counsel within ten (10) days of entry of judgment in this matter.  The parties and their counsel shall not be responsible for any noncompliance with the terms of this Order and Agreement attributable to persons who have signed such a written statement (Exhibit A), provided that the "confidential" materials have been properly provided to such individuals and that such individuals have not been advised or encouraged by counsel, Plaintiff, or McDonald's to ignore or otherwise disregard the terms and provisions of this Order and Agreement.

9.      Nothing in this Order and Agreement shall prohibit the parties from using "confidential" documents and information in depositions conducted in this litigation provided that the deponent agrees to be bound by this Order and Agreement. In the event that a deponent declines a request by either party to execute a Statement of Confidentiality (Exhibit A) agreeing to be bound by the terms and provisions of this Order and Agreement, no "confidential" information, documents or other materials shall be disclosed to the deponent unless and until the party conducting the deposition has had a reasonable opportunity to seek the Court either to compel the deponent to agree to this Protective Order or to provide some other form of relief.

10.     The termination of this action shall not relieve any person to whom "confidential" materials have been provided or disclosed from the obligations of this Order and Agreement, unless the Court so orders or the parties otherwise agree.

11.     In the event that any "confidential" materials are used in any Court proceeding herein, they shall not lose their "confidential" status through such use, and the parties shall take steps reasonably required to protect their confidentiality during such use.

12.     The terms of this Order shall continue unless and until modified and/or terminated by further Order of this Court.

13.     Once this matter is concluded, whether by settlement or by final Order not appealed, all "confidential" materials shall be promptly returned to the producing parties within fourteen (14) days, except that briefs and other pleadings prepared for use in this litigation need not be returned or destroyed but shall be kept "confidential."

14.     If a request to file documents under seal is granted pursuant to paragraph 5 herein, all "confidential" materials filed with the Clerk of the Court shall be withdrawn by the party that filed such material and returned to the producing party, if applicable, within forty (40) days of the entry of a final Order disposing of the case on the merits or by agreement of the parties.  .

15.     During the course of this litigation, the parties, by their counsel only, shall be entitled to view or otherwise withdraw "confidential" materials held by the Clerk of this Court by providing the Clerk with a copy of this Order and appropriate identification verifying that they have entered an Appearance in this action.

Accordingly, the Motion for Protective Order (doc. 70) is granted as specifically set forth herein.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 25th day of April, 2005.


                                        s/ David J. Waxse
                                        David J. Waxse
                                        United States Magistrate Judge

cc:     All counsel and *pro se* parties

Submitted By:

_____/s/ Daniel R. Young_____          _____/s/ Brian N. Woolley____
Counsel for Plaintiff                          Counsel for Defendant
Jerry J. Stubbs                                McDonald's Corporation


Dated: _____April 15, 2005_          Dated: _____April 15, 2005_

## STATEMENT OF CONFIDENTIALITY

The undersigned states that he or she has read the Protective Order entered in the case of Stubbs v. McDonald's Corporation, Case Number 03-2093, District of Kansas, and agrees in return for the right to have access to the confidential materials in that case to comply with the terms of the Protective Order, and submits to the personal jurisdiction of the Federal District Court for the District of Kansas, for the purpose of enforcement of this Protective Order.

This ___ day of _____, 200__.

Signature: _____

Name Printed: _____

List of Documents or Other Confidential Information Provided: