IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JERRY J. STUBBS,

                              Plaintiff,

                                                        CIVIL ACTION

v.

                                                        No.  03-2093-CM-DJW

McDONALD'S CORPORATION,

                              Defendant.

_____

JERRY J. STUBBS,

                              Plaintiff,

                                                        CIVIL ACTION

v.

                                                        No.  04-2164-CM-DJW

McDONALD'S CORPORATION,

                              Defendant.

## MEMORANDUM AND ORDER

As part of this lawsuit, Plaintiff brings employment discrimination claims against his former

employer, McDonald's Corporation. Plaintiff, an African-American man, alleges he was denied

promotions, endured a hostile work environment and was constructively discharged due to his race.

Currently pending before the Court is Plaintiff's Motion to Compel (doc. 80).  More specifically,

Plaintiff seeks (1) documents pertaining to allegations of race discrimination made by employees working

at the McDonald's facility on Quivira Road; and (2) documents relating to the career path of McDonald's

employee Bruce McAfee, an African-American.

## I.      Relevant Procedural Background

Plaintiff worked for McDonald's in the Kansas City metropolitan area for approximately seven

years.  On February 28, 2003, after voluntarily resigning his employment the month before, Plaintiff filed case number 03-2093-CM-DJW against McDonald's alleging class-wide violations of the Fair Labor Standards Act, violations of Kansas compensation laws, and breach of an oral employment contract.

On March 7, 2003, Plaintiff filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC").  After receiving his Notice of Right-to-Sue, Plaintiff filed a another lawsuit against McDonald's on April 19, 2004, this time alleging class-wide race discrimination in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981.  The wage case and the race case have been consolidated for purposes of discovery and all other pretrial matters.

After extensive briefing by the parties, the district court dismissed the class-wide allegations in both suits, leaving only Plaintiff's individual claims in each action.  Thus, all that remains in the race case are Plaintiff's allegations that, on an individual basis, he was paid lower wages, was denied promotions, endured a hostile work environment and was constructively discharged due to his race. McDonald's denies the allegations of race discrimination and claims that any difference in Plaintiff's wages, promotional opportunities or treatment was a direct result of his inability to perform the managerial functions expected of a Second Assistant Manager.

## II.    **Relevant Factual Background**

Plaintiff  was employed as a Second Assistant Manager with McDonald's at three different restaurants in the Kansas City suburban area of Johnson County, Kansas during his seven-year tenure with the company:  (1) the Lenexa Store; (2) the Quivira Road Store; and (3) the Highway K-7 Store.

*Failure to Promote*

Plaintiff claims he repeatedly was passed over for promotion to First Assistant Manager and Store

Manager based on his race.  In support of his claims, Plaintiff alleges that when he expressed concern about his lack of advancement, he was informed that his odds of promotion would be better if he agreed to transfer to a McDonald's restaurant in an urban neighborhood.  Plaintiff further alleges that he heard Terry Paxton and Al Rafat, two high level McDonald's managers who oversaw the operation of several McDonald's stores in Johnson County, discuss in apparent agreement that "McDonald's did not need any more black managers in Johnson County."

McDonald's Regional Vice President Don Alio testified in his deposition that in July 2001 he was informed by Plaintiff's store manager that Plaintiff was ready for promotion. At the time, the Area Supervisor in a position to override the Store Manager's promotion of Jerry Stubbs was Terry Paxton. As Area Supervisor, Paxton also directly participated in the performance reviews of Second Assistant Managers, including Plaintiff.

*Pattern and Practice of Race Discrimination*

Plaintiff's claims also include allegations of a pattern and practice by McDonald's of discriminatory conduct based on race.  In support of these claims, Plaintiff alleges in his Amended Complaint that he and other African-American employees were

- paid less than similarly-situated Caucasian employees;

- denied promotional opportunities and given less training than similarly-situated Caucasian employees;

- assigned to restaurants based solely on perceived neighborhood demographics;

- assigned more demeaning tasks and less desirable shifts than similarly-situated Caucasian employees; and

- subjected to a racially hostile work environment in being treated by Defendant as

permanent subordinates without hope of advancement and subjected to the daily humiliation of being maintained in a state of servitude while their Caucasian subordinates are promoted over them.

In support of these claims, and relevant to the pending motion to compel, Plaintiff sets forth the following facts regarding

- complaints of discrimination by African-American employees at the Quivira Road restaurant; and

- the career path of African-American employee Bruce McAfee.

A.    **The Quivira Road Complaints of Discrimination**

Although Plaintiff was no longer working at their restaurant, numerous African-American employees at the Quivira Road Store in Johnson County, Kansas reported to Plaintiff that their manager, Cheryl Briggs, removed their personnel files from the store, thereby delaying their raises. These African-American employees also related to Plaintiff other discriminatory treatment by Cheryl Briggs. Plaintiff states the African-American employees at the Quivira Road Store were threatening a public walk-out and picketing because they believed that Cheryl Briggs' supervisor, Terry Paxton, would effectively quash any internal complaints of race discrimination. Plaintiff believes the employees chose to call him about the discriminatory conduct on grounds that, although he had no longer worked at the Quivira restaurant, he had maintained a good relationship with his former crew and was one of very few African-American managers in the Kansas City metropolitan area.

Plaintiff asserts he advised the Quivira Road employees to go over the head of Cheryl Briggs and Terry Paxton and make their complaints known to the McDonald's corporate offices in Oakbrook, Illinois. The Quivira Road employees ultimately did send a letter to the McDonald's corporate office complaining of race discrimination.

4

Don Alio was McDonald's Regional Vice President in charge of several states, including the Johnson County area during the time in question. In his May 10, 2005 deposition, Don Alio testified that as a result of the employee's letter to Oakbrook, McDonald's corporate headquarters first sent a human relations officer and then a high ranking African-American executive, Don Thompson, to attempt to diffuse the situation with the African-American employees. Don Alio acknowledged that he was not surprised that the Quivira Road employees took their complaints to Oakbrook, because Terry Paxton was known to manage through fear.

Plaintiff asserts his involvement as an advisor to the Quivira Road employees became known to Terry Paxton and other members of McDonald's management.

**B.       The Career Path of McDonald's Manager Bruce McAfee**

In documents produced by McDonald's in February, 2005, McDonald's produced the local personnel file for Bruce McAfee, an African-American employee. Included in that file was a summary of Bruce McAfee's employment history. More specifically, the document indicates that McAfee started with McDonald's as a "Certified Swing Manager," which is not a salaried position, in December 1987 and stayed a Certified Swing Manager for thirteen years (to June 2000), at which time he was promoted to Second Assistant Manager.  Six months later, McAfee was promoted to First Assistant Manager (in December 2000) and then to Store Manager in May of 2002.

Although Don Alio testified in his deposition that he was personally involved in decisions to promote managers, he claimed no recollection of McAfee's promotions.  Alio went on to testify, however, that there were times when top management controlled the course of promotions directly.

Given McAfee's employment history, Alio's testimony regarding promotions, and the reaction of

5

the home office to the complaints of race discrimination at the Quivira Store, Plaintiff believes that, like the

Quivira Road employees, McAfee went over the head of Terry Paxton and the Kansas City management

and raised a complaint of race discrimination to the corporate office.

## III.   <u>The Discovery Requests</u>

In Request 14 of his First Request for Production of Documents, Plaintiff seeks "[a]ll documents

relating to any investigation into race discrimination allegations in the Kansas City Metropolitan area

performed in the past five years, whether conducted internally, by the EEOC, by any other federal or state

governmental entity or third party."

McDonald's formally objected to this request on grounds that "it seeks documents that are neither

relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the

discovery of relevant evidence."  McDonald's further stated in its response that

> Plaintiff is not entitled to information concerning discrimination claims in stores other than
> his own as such information, in individual actions such as this one, is neither relevant to the
> claims or defenses of any party to this action nor reasonably calculated to lead to the
> discovery of relevant evidence about Plaintiff's individual claims. McDonald's further
> objects to Production Request No. 14 because it seeks privileged attorney client
> communications and privileged attorney work product.

Notwithstanding these objections, McDonald's reportedly produced files related to three internal

investigations of race discrimination; none of the documents produced, however, were related to the

Quivira Road complaints of discrimination or any complaint of race discrimination lodged by McAfee.

After the deposition of Don Alio, counsel for plaintiff wrote to counsel for McDonald's following

up on Request 14 by asking for "correspondence to McDonald's headquarters concerning complaints of

discrimination in Johnson County, Kansas," including any documents related to the Quivira Road complaints

of discrimination and any complaints of race discrimination by Bruce McAfee. Plaintiff also sent deposition notices and asked for dates on which McDonald's would produce Bruce McAfee (to discuss any complaints of discrimination he may have made) and Don Thompson (to discuss his role as the high-ranking official sent to investigate the Quivira Road complaints of discrimination).

By letter dated May 12, 2005, McDonald's counsel claimed to still be looking for "any discoverable documents to which Plaintiff is entitled." Regarding the depositions, McDonald's refused to produce Don Thompson or Bruce McAfee on grounds that neither has any information relevant to Plaintiff's claims or Defendant's defenses. McDonald's also asserts Plaintiff is not entitled to depose McAfee, because McAfee was not listed in Plaintiff's initial Rule 26 disclosures.

As a result of McDonald's response, Plaintiff filed this Motion to Compel, which specifically seeks to compel (1) documents pertaining to allegations of race discrimination made by employees working at the McDonald's facility on Quivira Road; (2) the deposition of Don Thompson to discuss his role as the high-ranking official sent to investigate the Quivira Road complaints of discrimination; (3) documents relating to the career path of McDonald's employee Bruce McAfee, an African-American; and (4) the deposition of Bruce McAfee (to discuss any complaints of discrimination he may have made).

IV.    **Discussion**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery

of admissible evidence."[1]   Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[2] A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[3]

When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[4] Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[56]

**A.      The Quivira Road Complaints of Discrimination**

*1.      Geographic Scope*

The document request at issue here is Request No. 14: "All documents relating to any investigation into race discrimination allegations in the Kansas City Metropolitan area performed in the past five years, whether conducted internally, by the EEOC, by any other federal or state governmental entity or third

---

[1]Fed. R. Civ. P. 26(b)(1).

[2]*Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004) (citation omitted).

[3]*Id.*

[4]*Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003) (citation omitted).

[5]*Owens*, 221 F.R.D. at 652 (citation omitted).

[6]*Id.*

party." Defendant contends Request 14 should be limited in scope to the restaurant in which Plaintiff was employed at any given time. Defendant states that at the time of the Quivira Road complaints, Plaintiff was not employed at the Quivira Road restaurant; thus, any investigation into allegations of race discrimination at the Quivira Road restaurant are beyond the scope of discovery in this case.

The Court disagrees. True, in determining the geographic scope of discovery for non-class action complaints, the "most natural focus is upon the source of the complained discrimination – the employing unit or work unit."[7]  That focus may be expanded, however, if the plaintiff can show the requested information is "particularly cogent" to the matter.[8]  Information which may establish a pattern of discrimination is discoverable even when the action seeks only individual relief.[9]  When a motive or intent of a defendant employer is at issue, information concerning its conduct towards employees other than the plaintiff is relevant.[10]

Although Plaintiff was not employed at the Quivira Road restaurant when the Quivira Road employees lodged their complaints of race discrimination, the supervisors about which the Quivira Road employees complained – restaurant manager Cheryl Briggs and her area supervisor Terry Paxton – are both supervisors who, according to Plaintiff, contributed to his unlawful constructive discharge and discriminated against him due to his race with regard to pay, promotional and training opportunities, and task and shift assignments. Thus, the motives behind employment decisions made by both Briggs and

---

[7]*Owens*, 221 F.R.D. at 653 (citation omitted).

[8]*Id.* at 654 (citation omitted).

[9]*Id.* at 653 (citation omitted).

[10]*Id.* (citing *Spulak v. KMart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990)).

9

Paxton are relevant, and documents pertaining to allegations of race discrimination made against these two individuals by the Quivira Road employees are discoverable.

### 2.    *Temporal Scope*

McDonald's also argues that Plaintiff has no right to discovery regarding the Quivira Road complaints of discrimination because the complaint and resulting investigation occurred outside the statute of limitations for Plaintiff's claims.  Again, the Court is not persuaded by Defendant's argument.  With regard to temporal scope, discovery of information both before and after the liability period within an employment discrimination lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence.  Courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period.[11]  The Court finds the temporal scope within Request 14 is reasonable.

Accordingly, Defendant shall respond to Request 14 with respect to the allegations of race discrimination made by employees working at the McDonald's facility on Quivira Road.  With that said, the Court specifically makes no finding with respect to the deposition of Don Thompson to discuss his role as the high-ranking official sent to investigate the Quivira Road complaints.  Although the issue of this deposition was discussed at length by the parties in their briefing, the appropriate procedure for requesting a ruling from the Court on whether the deposition should go forward is a motion for protective order in response to a proper notice of deposition.

### B.    Bruce McAfee

---

[11]*Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655-56 (D. Kan. 2004).

Plaintiff seeks to have Defendant respond to Request 14 with respect to allegations of race discrimination made by Bruce McAfee.  Defendant asserts Plaintiff's request should be denied because Defendant already has produced documents responsive to Request 14, and none of the documents reflect any allegation of race discrimination by McAfee.

Plaintiff takes issue with Defendant's assertion and seems to suggest in his briefing that Defendant is intentionally withholding documents regarding McAfee's complaints of race discrimination.  Relying on facts that he alleges establishes

- inconsistent and questionable timing in McAfee's promotions;

- promotions can be ordered directly from the home office;

- the home office reacts in a substantive manner to complaints of race discrimination

Plaintiff concludes that the only logical explanation for McAfee's promotion is that McAfee went over the head of Terry Paxton to raise a complaint of race discrimination to the corporate office.

The Court is not persuaded by the rationale utilized by Plaintiff here. There simply is no evidence that Defendant has failed or refused to produce any documents regarding complaints of discrimination allegedly made by McAfee.  The Court cannot require Defendant to produce documents that do not exist or that are not in their possession or control.  With that said, the Court can order  Defendant to provide a supplemental written response to Request No. 14 representing that all responsive documents with regard to Bruce McAfee have been produced. Thus, to the extent Defendant does not have any documents regarding Bruce McAfee responsive to this request, it shall serve a supplemental written response to that effect. This supplementation shall be made within five (5) days of the date of filing of this Order.

With respect to Plaintiff's request to compel the deposition of Bruce McAfee, the Court again

11

makes no finding.  Although the issue of this deposition also was discussed at length by the parties in their briefing, the Court reiterates that the appropriate procedure for requesting a ruling from the Court on whether the deposition should go forward is a motion for protective order in response to a proper notice of deposition.

Accordingly, it is hereby ordered that Plaintiff's Motion to Compel (doc. 80) is

(1)     granted to the extent that Defendant shall respond within five (5) days of the date of this Order to Request 14 with respect to the allegations of race discrimination made by employees working at the McDonald's facility on Quivira Road;

(2)     granted to the extent that Defendant shall respond within five (5) days of the date of this Order to Request 14 with regard to Bruce McAfee but, if Defendant has no documents responsive to Request 14 as it applies to Bruce McAfee, Defendant shall provide a supplemental written response to Request No. 14 representing that all responsive documents with regard to Bruce McAfee have been produced.  This supplementation shall be made within five (5) days of the date of filing of this Order;

(3)     denied to the extent that the Court will not compel the deposition of Don Thompson or Bruce McAfee as the dispute was not properly submitted to the Court for decision.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 15th day of August, 2005.

s/ David J. Waxse

David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties