IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY J. STUBBS,

                Plaintiff,

                              CIVIL ACTION

v.

                              No.  03-2093-CM-DJW

McDONALD'S CORPORATION,

                Defendant.

_____

JERRY J. STUBBS,

                Plaintiff,

                              CIVIL ACTION

v.

                              No.  04-2164-CM-DJW

McDONALD'S CORPORATION,

                Defendant.

**MEMORANDUM AND ORDER**

This is an employment discrimination case where Plaintiff alleges he was denied promotions, endured a hostile work environment and was constructively discharged due to his race. Pending before the Court is Defendant's Motion for Protective Order (doc. 96).  More specifically, Defendant seeks to prohibit Plaintiff from taking the depositions of Don Thompson and Bruce McAffee.  For the reasons stated below, Defendant's Motion is denied.

The decision to enter a protective order is within the Court's discretion.[1]  Federal Rule of Civil Procedure 26(c) nevertheless requires that one seeking the protective order provide "good cause" for the order.  Specifically, Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment,

---

[1] *Thomas v. International Bus. Mach.*, 48 F.3d 478, 482 (10th Cir.1995).

oppression, or undue burden or expense." In determining whether good cause exists to issue a protective order, "the initial inquiry is whether the moving party has shown that [the discovery] will result in a 'clearly defined and very serious injury.'"[2] With regard to such injury, the burden is on the moving party to make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3]

In its attempt to shoulder this burden, Defendant argues Plaintiff should not be permitted to depose Don Thompson and Bruce McAffee, because neither of these deponents possess information that is relevant or likely to lead to the discovery of admissible evidence with regard to the claims and defenses alleged in this action.

Without making a finding with regard to the relevancy of information possessed by Don Thompson and Bruce McAffee, the Court notes that, standing alone, irrelevancy is not a sufficient basis for entering a protective order. This Court has held that a party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c).[4] In other words, the protective order must be necessary to protect the party from "annoyance, embarrassment, oppression or undue burden or expense."[5] Rule 26(c) does not provide for protection from having to produce an individual for deposition merely because the deponent allegedly does not possess information reasonably calculated to lead to the discovery of admissible

---

[2]*Zapata v. IBP, Inc.*, 160 F.R.D. 625, 627 (D. Kan.1995) (quoting *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 480 (S.D.N.Y.1982)) (internal quotations omitted).

[3]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[4]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D.Kan. 2003).

[5]Fed. R. Civ. P. 26(c).

2

evidence.[6] Thus, this Court declines to enter the requested protective order on grounds that the deposition notices seek irrelevant information[7] and further finds that, based on the facts presented, Defendant has failed to establish annoyance, embarrassment, oppression, or undue burden or expense with respect to the depositions at issue.

Finally, with regard to whether the deposition of Don Thompson should take place in Missouri or Illinois, Defendant does not dispute that it failed to confer with Plaintiff on this issue before seeking court intervention as required by federal rule.[8] Based on these circumstances, Defendant's Motion for Protective Order on the issue of location for Don Thompson's deposition will be denied without prejudice to refiling if the parties are unable to resolve the dispute on their own.

Accordingly, Plaintiff's Motion for Protective Order (doc. 136) is denied as specifically set forth above.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 28th day of September, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties

---

[6] *Aikens*, 217 F.R.D. at 534.

[7] Notably, the Court's holding here should not be so broadly read as to prohibit the irrelevancy of discovery sought from ever providing the basis for entry of a protective order. For example, a protective order may be appropriately entered in a case where the movant specifically demonstrates that permitting the other party to proceed with irrelevant discovery will cause him or her "annoyance, embarrassment, oppression or undue burden or expense."

[8] Fed. R. Civ. P. 26(c).